IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch

Civil Action No. 13-cv-01744-RPM

HARLEY QUINT YOUNG; and
SHARON YOUNG,

      Plaintiffs,

v.

RICK RAEMISCH, Executive Director of the Colorado Department of Corrections, in his official capacity.

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In this civil action Harley Quint Young and his mother, Sharon Young, claim that the Sterling Correctional Facility has violated the First Amendment to the United States Constitution by restricting their communications through the U.S. mail of material downloaded from the Internet. Mr. Young also claims that the procedures followed by the Sterling Correctional Facility in censoring such materials deny him the process he is due under the Fourteenth Amendment. The defendant, Rick Raemisch, who is sued in his official capacity as the Executive Director of the Colorado Department of Corrections, moved for summary judgment, contending that this case is now moot because the regulations in effect when the specific rejections of Young's mail occurred have been replaced and that the modified AR 300-38, effective January 1, 2015, complies with the plaintiffs' demands. Because the defendant is named only in his official capacity, the Colorado Department of

1

Corrections is the actual defendant. As such, this Order adopts the grammatical conventions appropriate for an entity when referring to the defendant.

The parties have fully briefed the motion for summary judgment and have included many exhibits, declarations, affidavits and excerpts from deposition transcripts. The plaintiffs agree that the new regulation has eliminated the challenged restriction on Internet material, but contend that this case is not moot because the defendant has not met the burden of demonstrating that its voluntary conduct in enacting the new regulation makes it clear that the allegedly wrongful past behavior could not reasonably be expected to recur. *See United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.").

The plaintiffs contend that the defendant has a history of changing its conduct when challenged by litigation and should not be trusted to adhere to or not to make wrongful changes in the new regulation. This Court is aware of its obligation to presume the good faith of public officers in performing their official duties. The difficulty in applying that presumption in this case is that the lines of authority in both enacting mail regulations and also applying them in actual practice are not clear. That is illustrated by the adoption of a regulation in March 2014, while this case was pending, that eliminated mail consisting of Internet downloads and was approved by Raemisch who testified that he did not read that regulation before signing it.

At oral argument the defendant's counsel did not concede that the earlier regulation violated the plaintiffs' First Amendment privileges and in the briefing that contention is

repeated. Given that position, there is nothing to assure that the officials responsible for the mail policy recognize the need to consider the First Amendment privilege of those seeking to communicate with prisoners and the right of prisoners to receive communication from those outside the prison.

What is also unclear is the due process protection given to inmates to challenge the rejection of mail consisting of pages downloaded from the Internet by using the administrative grievance system at Sterling Correctional Facility. Although inmates are to be given notice when mail is rejected, it is not clear that the material rejected will always be retained and, when it is retained, it is not clear that it will be retained for the duration of the grievance process. AR 300-38 provides in pertinent part:

> When the offender is permitted to designate disposition of the item but fails to complete and return the form within ten days, DOC employees will retain the item for 30 days from the date of confiscation before disposing of the item in order to allow for the offender to grieve the confiscation.

AR 300-39, IV.C.8.b. Counsel for plaintiffs indicated at oral argument that the grievance process can sometimes take months to complete. Counsel for defendant stated that this provision is read as giving an inmate 30 days to initiate the grievance process and that the item would be retained thereafter for the time necessary to complete the grievance process. Without the policy of keeping the item until the grievance process is concluded articulated in the written regulation, however, and with no further evidence on the matter, it is unclear if this is the policy in practice.

It is also unclear if the information given to the inmate concerning the content of the rejected material gives an adequate opportunity for a challenge. When mail is rejected at

Sterling Correctional Facility, the implicated inmate is notified of the rejection by AR Form 300-38D, *Notice of Rejection/Disposition of Mail*.  This form identifies the rejected item by notifying the inmate of to whom or from whom the mail is addressed or by providing the rejected item's publication name.  The form contains a check list of reasons why the mail was rejected or declared contraband and the correctional officer is to note the applicable reasons by checking off the corresponding box for each reason.  One reason listed is "Other." There is no designated space for a correctional officer to write in what he meant by rejecting the mail as impermissible "Other."   Another listed reason is "Is in code and/or not understood by the reader."  There is no designated space for a correctional officer to write in what he did not understand or why he did not understand it. Other than the checked boxes, there is no additional space on the form to describe the rejected mail generally.

In denying the defendant's motion for summary judgment, it is not assumed that the defendant has violated the First and Fourteenth Amendments.  That determination is dependent upon factual matters in dispute.  Those disputes must be adjudicated at trial.  Accordingly, the plaintiffs are entitled to present their case for declaratory and injunctive relief in a trial to the Court.

It is ORDERED that the defendant's motion for summary judgment is DENIED.

DATED: August 3, 2015

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch
Senior District Judge